**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven C Vondran, | No. CV-22-00790-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Jeffrey J Antonelli, et al., | |
| Defendants. | |

There are several matters pending before the Court that place this case in an unusual posture. Plaintiff has filed a Motion to Remand (Doc. 7), which seeks to remand this action to state court. Defendants Tristan Robinson and Weaver Robinson Law Firm PLLC have filed a Motion to Dismiss (Doc. 13) for lack of personal jurisdiction. And the Court has issued an Order to Show Cause (Doc. 16) asking Plaintiff why this matter should not be dismissed without prejudice because he failed to file a Joint Case Management Report. In response, Plaintiff has filed a Notice of Voluntary Dismissal (Doc. 18), which seeks to dismiss this action without prejudice.

**I.   Notice of Voluntary Dismissal (Doc. 18)**

The Court can grant Plaintiff's request for voluntary dismissal on terms that it "considers proper." Fed. R. Civ. P. 41(a)(2). Here, Plaintiff's request does not strike the Court as proper. Such a dismissal would permit Plaintiff to refile his claim in state court, where he wishes to go anyway. If he does, Defendants may then remove the action again and continue a game of jurisdictional ping pong, needlessly wasting judicial resources.

If all the parties who have appeared stipulate to a dismissal of this action, then they do not need the Court's permission for dismissal. Fed. R. Civ. P. 41(a)(1)(A)(ii). But, given that Plaintiff filed his notice alone, the Court infers that Defendants have not stipulated to dismissal. The parties may file a stipulated dismissal if the Court's inference is wrong. Otherwise, Plaintiff's requested dismissal is improper and is denied.

**II.     Motion for Remand (Doc. 7)**

The Court will also deny Plaintiff's Motion to Remand. He argues remand is warranted because the amount in controversy is insufficient to establish diversity jurisdiction and because not all the Defendants have joined in the removal. (Doc. 7).

Federal diversity jurisdiction requires that an amount in controversy in excess of $75,000 and that the case is between citizens of different states. 28 U.S.C. § 1332. Defendants may establish the amount in controversy with evidence showing that it is "more likely than not" sufficient. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Courts may consider settlement offers when determining whether the amount in controversy requirement is satisfied. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002).

Here, Plaintiff himself labeled his claim as a Tier 3 case (Doc. 1-6 at 23), which under the Arizona Rules of Civil Procedure applies to actions "claiming $300,000 or more in damages . . . ." Ariz. R. Civ. P. 26.2 (c)(3)(C). Defendants have also produced a $105,000 settlement offer form Plaintiff. (Doc. 1-4 at 2–3). Plaintiff notes that he has since offered to settle for $40,000. (Doc. 7 at 5). The Court finds that because of the Complaint and the initial settlement offer, it is more likely than not that the amount in controversy exceeds $75,000.

The Complaint alleges that Defendants are residents of Illinois and Texas. (Doc. 1-3 at ¶¶ 3, 9). As both the diversity and amount in controversy requirements are met, the Court may exercise subject matter jurisdiction over this case. *See* 28 U.S.C. § 1332.

Plaintiff's argument regarding whether all Defendants have joined in removal is unavailing because Defendants Tristan Robinson and Weaver Robinson Law Firm, PLLC,

have filed notice of their consent and joinder to removal.  (Doc. 12).  Therefore, Plaintiff's Motion for Remand is denied.

The Court will reserve judgment on the pending Motion to Dismiss (Doc. 13) for a subsequent Order.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. 7) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Notice of Voluntary Dismissal Without Prejudice (Doc. 18) is **denied** as improper.

**IT IS FURTHER ORDERED** that the Rule 16 Scheduling Conference set for Thursday, July 14, 2022, is vacated and reset to Wednesday, August 10, 2022, at 10:30 a.m. The remainder of the Court's Order (Doc. 5) is otherwise affirmed.

Dated this 11th day of July, 2022.

Honorable Diane J. Humetewa
United States District Judge