**Sean D. Garrison** (AZ Bar No. 014436)
E-mail: sean.garrison@bacalgroup.com
Direct Dial: 480-719-8501
**BACAL LAW GROUP, P.C., DBA**
**BACAL & GARRISON LAW GROUP**
6991 East Camelback Road, Suite D-102
Scottsdale, Arizona 85251
Fax: (480) 245-6231

*Attorneys for Defendants Jeffrey J. Antonelli and Law Offices of Jeffrey J. Antonelli Law, Ltd.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Steven C. Vondran, an individual,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Jeffrey J. Antonelli, et al.<br><br>　　　　Defendants. | Case No. CV-22-00790-PHX-DJH<br><br>**DEFENDANTS JEFFREY J. ANTONELLI AND THE LAW OFFICES OF JEFFREY J. ANTONELLI, LTD.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |

　　　　Pursuant to Fed. R. Civ. P. 12(b)(2), Defendants Jeffrey J. Antonelli ("Antonelli") and The Law Offices of Jeffrey J. Antonelli, Ltd. ("Antonelli Firm") (collectively, the "Antonelli Defendants") move to dismiss Plaintiff's complaint for lack of personal jurisdiction. The Antonelli Defendants previously denied personal jurisdiction and raised this defense in their answer to the complaint. Doc# 8 at ¶ 4 and Affirmative Defense No. 4. Having preserved the defense in their answer, they now move to dismiss on this ground. *See, e.g., Rillito River Solar LLC v. Wencon Dev. Inc.*, No. CV-16-03245-PHX-DLR, 2017 WL 5598228, at *3 (D. Ariz. Nov. 21, 2017) (Rule 12 defense may be raised in post-answer motion); *Campbell v. Medtronic Minimed, Inc.*, No. 215CV08091RGKPJW, 2016 WL 11498826, at *2 (C.D. Cal. July 19, 2016) (allowing post-answer motion on personal jurisdiction); *Yocum v. Rockwell Med. Techs., Inc.*, No. 12-CV-568-MMA MDD, 2012 WL 2502701, at *2 (S.D. Cal. June 27, 2012) (same).

**FACTUAL BACKGROUND**

Plaintiff Steven C. Vondran ("Vondran") asserts a single claim for wrongful institution of civil proceedings arising out of a Uniform Domain Name Dispute Resolution Procedure ("UDRP") complaint filed electronically online with the World Intellectual Property Office ("WIPO"), headquartered in Geneva, Switzerland. The Antonelli Firm filed the UDRP complaint against The Law Office of Steven C. Vondran, P.C., a California corporation, ("LOSCV"). *See* Declaration of Jeffrey J. Antonelli ("Antonelli Decl."), ¶ 12. Vondran himself was not a party to the UDRP proceeding. LOSCV had registered the domain name TorrentDefenders.com in 2016, 4 years after the Antonelli Firm had first adopted and used the trademark TORRENT DEFENDERS for a legal blog related to its practice. *Id*. at ¶¶ 12 and 14. Concerned that LOSCV's use and registration of the TorrentDefenders.com domain name would cause confusion and were intended to divert and redirect business from the Antonelli Firm to LOSCV, the Antonelli Firm filed the UDRP complaint and requested that ownership of the TorrentDefenders.com domain name be transferred from LOSCV to the Antonelli Firm. *Id*. at ¶ 12. After refusing to consider evidence the Antonelli Firm submitted about its prior use of the TORRENT DEFENDERS mark, the WIPO UDRP panel ruled in favor of LOSCV and denied the Antonelli Law Firm's complaint and request to transfer ownership of the domain name. *See* Doc #1-3 at Exhibit A.

Antonelli is a full-time resident domiciled in Illinois. Antonelli Decl., ¶ 2. Except for a single acre parcel of vacant land southwest of Tucson, he neither owns nor leases any property in Arizona. *Id*. He has vacationed several times in Arizona but not in at least 4 years. Id. at ¶ 7. His professional contacts with Arizona are likewise limited.

The Antonelli Firm is an Illinois corporation with its principal place of business in Chicago, Illinois. Id. at ¶ 3. It does not own property, or lease or otherwise maintain an office, any facilities, or other place of business in Arizona. *Id*. at ¶ 4. It is not registered as a foreign corporation with the Arizona Secretary of State and has no registered agent for service of

process in Arizona. *Id.* at ¶ 5. Neither Antonelli nor the Antonelli Firm have any bank accounts in Arizona. *Id.* at ¶ 6. Through the Antonelli Firm, Antonelli's legal practice focuses on two specific areas of federal law: (1) copyright infringement under the Copyright Act, with a focus on defending individuals accused of unlawfully downloading or streaming copyrighted content utilizing a technology known as the BitTorrent protocol, and (2) Federal Aviation Administration laws and regulations concerning unmanned aircraft systems (drones). *Id.* at ¶ 8.

Antonelli is not a member of the State Bar of Arizona and has never appeared in any cases within the Arizona state court system. *Id.* at ¶ 9. He appeared pro hac vice in one case in federal court in 2017 in which he represented two defendants in a copyright infringement lawsuit. *Id.* The claims were settled within a month of Antonelli's appearance in the case without his clients even having to answer the complaint. *Id.* He has represented Arizona residents in settling copyright infringement claims asserted in jurisdictions outside of Arizona, as well as Arizona residents in connection with federal drone related matters. *Id.* at ¶ 10. In 2016, Antonelli traveled to Arizona to be a speaker at a drone law conference in Scottsdale. *Id.* at ¶ 11.

The WIPO UDRP complaint upon which Vondran bases his claim was not filed in or from Arizona. Neither the Antonelli Firm nor defendant Tristan Robinson who represented the Antonelli Firm in the UDRP proceeding were present in Arizona, and WIPO has no office in Arizona. *Id.* at ¶ 12. The defendant in the UDRP action, LOSCV, is a California corporation which registered the domain name using a Newport Beach, California address. *Id.* at ¶¶ 13-15. That is the same address listed as LOSCV's "principal office address" in LOSCV's 2021 Annual Report filed with the Arizona Corporation Commission. *Id.* at ¶ 16. The Antonelli Firm did not target Arizona by filing an online UDRP complaint with WIPO in Switzerland against a California corporation with a principal office address in Newport Beach, California. *Id.* at ¶ 19.

**LEGAL ARGUMENT**

**A. This Court Lacks Personal Jurisdiction Over the Antonelli Defendants**

Where, as here, no federal statute governs personal jurisdiction, the law of the state in which the Court sits applies to determine jurisdiction. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004); *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015). Arizona exerts personal jurisdiction to the "maximum extent permitted by the Arizona Constitution and the United States Constitution." Ariz. R. Civ. P. 4.2(a); *A. Uberti and C. v. Leonardo*, 892 P.2d 1354, 1358 (Ariz. 1995). Thus, the Court may exercise personal jurisdiction over the Antonelli Defendants only if constitutional principles of due process allow it. *See Cybersell v. Cybersell*, 130 F.3d 414, 416 (9th Cir. 1997). "[J]urisdiction over each defendant must be established individually." *Sher v. Johnson*, 911 F.2d 1357, 1365 (9th Cir. 1990).

*(1) This Court cannot exercise general jurisdiction over the Antonelli Defendants.*

To warrant the Court's exercise of general jurisdiction, Plaintiff must demonstrate that the Antonelli Defendants' contacts with Arizona are "so substantial and of such a nature as to justify suit against [them] on causes of action arising from dealings entirely distinct from those activities." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924, 131 S.Ct. 2846 (2011) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154 (1945)). "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Id.* (referencing place of incorporation and principal place of business). This is an "exacting standard" whereby the contacts must "approximate physical presence within the forum state." *Schwarzenegger*, 374 F.3d at 801. The question is not merely whether a defendant's contacts with the forum "can be said to be in some sense 'continuous and systematic,'" but whether those "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." *Daimler AG v.*

4

*Bauman*, 571 U.S. 117, 139, 134 S. Ct. 746, 761, 187 L. Ed. 2d 624 (2014). With respect to a corporation, such as the Antonelli Firm, "[o]nly in an 'exceptional case' will general jurisdiction be available anywhere" other than its place of incorporation or principal place of business. *See Martinez v. Aero Caribbean*, 764 F.3d 1062, 1070 (9th Cir. 2014).

Following *Goodyear* and *Daimler*, the Arizona Court of Appeals has held that the exercise of general jurisdiction "requires more than continuous and systematic activity." *See Wal-Mart Stores, Inc. v. LeMaire*, 395 P.3d 1116, 1120 (Az. App. 2017). Indeed, despite Wal-Mart's 127 retail locations, 4 distribution centers, and 33,910 employees in Arizona, as well as $270.3 million collected in state sales taxes, and $91.5 million paid in state taxes, the court found there was "nothing 'exceptional' about [Wal-Mart's] activities to give rise to general jurisdiction." *Id*. at 1121. Noting that there is "no constitutional doctrine establishing a threshold level of commercial activity sufficient to create general jurisdiction," the court found that a size-based approach to general jurisdiction based on a fluctuating level of commercial activity is "constitutionally untenable." *Id*. Dismissing the case for lack of personal jurisdiction over Wal-Mart, the court held "subjecting Wal–Mart to general jurisdiction in Arizona based on the level of its commercial activity would wrongly conflate general jurisdiction with specific jurisdiction and provide an unworkable standard that would require extensive factual findings in every case." *Id*.

Antonelli is a full-time resident of and domiciled in Illinois. Therefore, the Court cannot exercise general jurisdiction over him. *See Alpine 4 Techs. Ltd. v. Martin*, No. CV-20-01679-PHX-DJH, 2021 WL 5013817, at *2 (D. Ariz. Oct. 27, 2021) (no general jurisdiction over a defendant who is a resident of, and domiciled in, Oklahoma); *United States v. Sprenger*, No. CV-20-00026-PHX-MTL, 2021 WL 3406340, at *3 (D. Ariz. Aug. 4, 2021) (allegation of Arizona residency together with ownership of property in Arizona was insufficient to confer general jurisdiction); *Travelers Cas. & Sur. Co. of Am. v. Telstar Const. Co.*, 252 F. Supp. 2d 917, 935 (D. Ariz. 2003) (earning income through corporation and ownership of a vacation

home in Arizona held insufficient to confer general jurisdiction in Arizona over corporation's sole shareholder and president who resided in New Mexico).

Likewise, the Antonelli Firm is incorporated and has its principal place of business in Illinois. Its limited contacts with and commercial activity in Arizona are not "exceptional" and do not confer general jurisdiction over the Antonelli Firm in Arizona. *See Wal-Mart*, 395 P.3d at 1121.

*(2) Vondran's allegations do not confer specific jurisdiction*

"The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant 'focuses on 'the relationship among the defendant, the forum, and the litigation.''" *Walden v. Fiore*, 571 U.S. 277, 283–84, 134 S. Ct. 1115, 1121, 188 L. Ed. 2d 12 (2014). To exercise specific jurisdiction, the Court must evaluate (1) whether the defendant purposefully directed its activities at residents of the forum state or availed itself of the forum's laws, (2) whether the claim arises out of or relates to the defendant's activities with the forum state, and (3) whether assertion of personal jurisdiction is reasonable and fair. *Schwarzenegger*, 374 F.3d at 802. Vondran bears the burden of establishing the first two elements. *Id*. "If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Id.* Vondran cannot establish either of these prongs.

Specific jurisdiction requires a more focused showing that Vondran's claims arise from or relate to the Antonelli Defendants' conduct in Arizona. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984). The ""minimum contacts" analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden*, 571 U.S. at 285. And in evaluating those contacts, "it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Walden*, 571 U.S. at 285–86 (citing *Burger King v. Rudzewicz*, 471 U.S. 462, 478 (1985)).

The proper jurisdictional inquiry depends on the nature of the claims at issue. *Picot v. Weston*, 780 F.3d 1206, 1212 (9th Cir. 2015). Because Vondran's claim is an intentional tort claim, the "purposeful direction" test forms the proper inquiry. *Id.*; *Schwarzenegger*, 374 F.3d at 802. "Under this test, a defendant purposefully directed his activities at the forum if he: (1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Picot*, 780 F.3d at 1214 (quoting *Schwarzenegger*, 374 F.3d at 803). Taking these factors into account, it cannot reasonably be argued that the Antonelli Defendants purposefully directed any activity at Arizona.

The WIPO UDRP complaint against LOSCV forms the only basis for Vondran's claim. It was filed by the Antonelli Firm. Antonelli himself was not a party. The Antonelli Firm did not file the UDRP complaint in Arizona. Its Texas based lawyer filed it online with WIPO, which is based in Switzerland. The respondent in the proceeding, LOSCV, was a California corporation that had listed its California principal place of business address in the registration of the domain name that was the subject of the UDRP complaint. Antonelli Decl., ¶¶ 13-15. Furthermore, because any alleged injury to Vondran "is entirely personal to him and would follow him wherever he might choose to live or travel," any effects of the Antonelli Defendants actions are "not connected to the forum State in a way that makes those effects a proper basis for jurisdiction." *Picot*, 780 F.3d at 1215.

Finally, LOSCV's decision to register the TorrentDefenders.com domain name with GoDaddy cannot be used as a basis for asserting specific jurisdiction over the Antonelli Firm. *See Helicopteros*, 466 U.S. at 417 ("[The] unilateral activity of another party or a third person is not an appropriate consideration when determining whether a defendant has sufficient contacts with a forum State to justify an assertion of jurisdiction.") Neither Vondran's allegations nor the actual facts relating to the UDRP complaint demonstrate any act "expressly

aimed" at Arizona or actions that the Antonelli Defendants would "know is likely to" cause harm in Arizona.

*Morrill v. Scott Fin. Corp.*, 873 F.3d 1136 (9th Cir. 2017) is instructive. In *Morrill*, the plaintiff filed a wrongful institution of civil proceedings claim against the defendants based upon a defamation lawsuit the defendants had filed against the plaintiff in Nevada. *Id*. at 1141. After prevailing in the defamation case, the plaintiff sued defendants in the District of Arizona for wrongful institution of civil proceedings. *Id*. The plaintiff's complaint also asserted claims for abuse of process relating to deposition subpoenas the defendants had served on plaintiff in Arizona in connection with a different but related case also pending in Nevada. *Id*. Despite the defendants in *Morrill* having far greater contacts with Arizona than the Antonelli Defendants have had here, the district court dismissed the case for lack of personal jurisdiction, and the Ninth Circuit affirmed. *Id*. With regard to the defendants' litigation related contacts with Arizona, the Ninth Circuit noted:

> The allegedly tortious conduct here involved very limited communications and proceedings in Arizona, all of which arose out of and were component parts of the litigation in Nevada. Any links to Arizona, which included Defendants' communications with Plaintiffs by telephone and email about the Tharaldson Litigation, occurred only because it happened to be where Plaintiffs resided.

*Id*. at 1144. The Ninth Circuit held that the defendants had not purposefully directed their activities at Arizona. "[T]he potential foreseeability of some incidental harm to Plaintiffs in Arizona due to substantial litigation that was pending in Nevada, without more, does not show that Defendants expressly targeted the forum state." *Id*. at 1145.

Any connection between the UDRP complaint and Arizona is even more tenuous here because LOSCV, the Respondent in the UDRP proceeding, is a California corporation that had listed its principal place of business address in Newport Beach, California on its domain name registration. To the extent Vondran claims he was

1  located in Arizona at any point during the course of the UDRP proceeding, that fact
2  does not show that the Antonelli Defendants expressly targeted Arizona.  *See id*.
3        For these reasons, specific jurisdiction in Arizona cannot be established based on the
4  UDRP proceeding.
5        *(3) The Antonelli Defendants did not consent to jurisdiction in Arizona*
6        Vondran claims that both Antonelli and the Antonelli Firm consented to jurisdiction in
7  Arizona for this case by virtue of filing the UDRP complaint against LOSCV with WIPO.
8  Vondran is wrong.  First, the UDRP complaint was filed solely by the Antonelli Firm.
9  Antonelli was not individually a party to the UDRP complaint.  Antonelli did not personally
10 consent to jurisdiction anywhere for any purpose.  Even if jurisdiction could be asserted over
11 his corporation, which it cannot, that is insufficient to confer jurisdiction over Antonelli
12 individually.  *See, e.g., Arden v. E. Coast Assemblers, Inc.*, No. CIV 14-2290-PHX-MHB,
13 2016 WL 454462, at *3 (D. Ariz. Feb. 5, 2016) (an individual's mere association with a
14 corporation subject to jurisdiction is insufficient to confer jurisdiction over the individual).
15       Second, the consent to jurisdiction provision in the UDRP complaint is narrow and
16 limited to challenges that the *Respondent* makes to a decision by the UDRP Administrative
17 Panel to transfer or cancel the *Respondent's* domain name.  Specifically, in the UDRP
18 complaint the Antonelli Firm consented in Section IX only to the following:

> In accordance with Paragraph 3(b)(xii) of the Rules, the Complainant will submit, with respect to any challenges that may be made by the Respondent to a decision by the Administrative Panel to transfer or cancel the domain name(s) that is/are the subject of this Complaint, to the jurisdiction of the courts at the location of the principal office of the concerned registrar.

22 *See* Antonelli Decl, ¶ 17 and Exhibit A thereto at p. 10.
23       Vondran's case filed in this court is not a challenge by the Respondent "to a decision
24 by the Administrative Panel to transfer or cancel the domain name(s) that is/are the subject of
25 this [UDRP] Complaint."  First, Vondran was not even a party to the UDRP proceeding, so he
26 is not the Respondent in the UDRP proceeding referenced in the foregoing provision.  Second,

the WIPO panel ruled in the Respondent LOSCV's favor. The panel did not transfer or cancel the domain name. Because there was no decision "to transfer or cancel the domain name," this limited consent provision does not apply and would not apply even if LOSCV had filed the complaint instead of Vondran. The Ninth Circuit has repeatedly found that a defendant's consent in one particular case does not amount to a consent for other cases. *See AM Tr. v. UBS AG*, 681 F. App'x 587, 589 (9th Cir. 2017) (affirming dismissal for lack of personal jurisdiction and noting that "AM Trust has cited nothing to support its contention that any consent UBS may have given to personal jurisdiction in California in other cases would amount to consent to personal jurisdiction in this case."); *Dow Chem. Co. v. Calderon*, 422 F.3d 827, 835 (9th Cir. 2005) ("we hold that defense on the merits in a suit brought by one party cannot constitute consent to suit as a defendant brought by different parties.")

For these reasons, the Antonelli Defendants did not consent to jurisdiction in Arizona for purposes of Vondran's claim.

## CONCLUSION

The Court should dismiss this case against the Antonelli Defendants for lack of personal jurisdiction. The Antonelli Defendants have not consented to jurisdiction in Arizona, their minimal contacts with Arizona are not sufficient to establish general jurisdiction here, Vondran's claim does not arise out of the Antonelli Defendants' contacts with Arizona, and the alleged conduct giving rise to Vondran's claim was not expressly aimed at Arizona.

## CERTIFICATE OF CONSULTATION

Pursuant to the Court's May 10, 2022 Order (Doc# 4), undersigned counsel certifies that he consulted with Plaintiff concerning the Antonelli Defendants' intent to file this motion and that no amendment of the complaint would cure the defect with respect to personal jurisdiction.

RESPECTFULLY SUBMITTED this 13th day of July, 2022.

                By    /s/ Sean D. Garrison
                **Sean D. Garrison** (AZ Bar No. 014436)
                E-mail: sean.garrison@bacalgroup.com
                Direct Dial: 480-719-8501
                **BACAL LAW GROUP, P.C., DBA**
                **BACAL & GARRISON LAW GROUP**
                6991 East Camelback Road, Suite D-102
                Scottsdale, Arizona 85251
                Fax: (480) 245-6231

                *Attorneys for Defendants Jeffrey J. Antonelli and Law Offices of Jeffrey J. Antonelli, Ltd.*

<u>Certificate of Service</u>

     I hereby certify that on July 13 2022, I electronically transmitted the attached document using the CM/ECF System for filing and for transmittal of a Notice of Electronic Filing to the Plaintiff and to CM/ECF registered counsel of all parties in this action.

s/Sean Garrison/